IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger

Civil Action No. 15-CV-2630-MSK-STV

JANET L. WALCOTT,

    Plaintiff,

*v.*

UNITED STATES OF AMERICA,

    Defendant.

---

**OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court on the Defendant's Motion for Summary Judgment (**# 67**), the Plaintiff's response (**# 71**), and the Defendant's reply (**# 73**). For the reasons that follow, the motion is granted.

## I. JURISDICTION

The Court exercises jurisdiction pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

The Court recounts the undisputed facts and the disputed facts in the light most favorable to Ms. Walcott, the nonmoving party, supplementing them as necessary in its analysis. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

Ms. Walcott did not voluntarily pay her income taxes for the tax years 2002 to 2011. As a result, she accrued both tax liabilities and penalties. In addition, the IRS assessed four civil penalties pursuant to 26 U.S.C. § 6702 for repeated filing frivolous income tax returns.

For the tax years 2002 to 2004, IRS made assessments based on returns filed by Ms. Walcott. For years 2005 to 2011, the IRS examined her returns and found that they understated her income and proposed to assess her additional tax and penalties. Ms. Walcott claims that the IRS did not comply with Internal Revenue Code because it did not send her a Notice of Deficiency before making its assessment for these years.

In 2012 and again in 2014, the IRS levied on payments made to Ms. Walcott from her retirement account with the Colorado Public Employees' Retirement Association (PERA). Each time, the levy directed that 100% of the payment that Ms. Walcott was entitled to receive from PERA be paid against her tax obligations. As a result of the 2012 Levy, the IRS fully collected Ms. Walcott's taxes for 2002, 2003, 2004 and 2005. The levy improperly attached Ms. Walcott's payments for her 2006 taxes, but the IRS corrected the error and released the levy. The 2014 Levy sought to collect sums owed for tax years 2006 and 2009 to 2011. It referred only to initial assessments but inadvertently collected funds based on both initial and revised assessments. It was released after the duplication was noted. As a result, there has been not collection of sums owed for 2011.

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242,

248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus. Inc. v. Arvin Indus. Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

## IV. DISCUSSION

In this lawsuit, Ms. Walcott has only one claim.[1] She claims that the funds that the IRS seized by levy were overpayments for which she is entitled to a refund because prior to levy the

---

[1] Ms. Walcott appears *pro se*, and the Court would generally construe her pleadings liberally and advance arguments that naturally arise from the facts that she has alleged in conformance with *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). For example, a taxpayer may generally challenge an IRS levy and seek a refund by bringing an action against the IRS in district court. 26 U.S.C. § 7422. However, here, Ms. Walcott has expressly eschewed proceeding on a claim under § 7422, and limits her claim to one based on the failure of the IRS to issue her notice under § 6213 before assessment and levy. # 5 at 2; # 51 at 5–7. Accordingly, the Court limits its

IRS failed to provide her with Notices of Deficiency as required by 26 U.S.C. § 6213. On this claim, Ms. Walcott bears the burden of establishing that she was entitled to a Notice of Deficiency. If she establishes such entitlement, the IRS must then establish that the Notice of Deficiency existed and was mailed, creating a presumption. *Koerner v. C.I.R.*, T.C. Memo. 1997-144, 73 T.C.M. (CCH) 2386, at *2 (Mar. 19, 1997). If the IRS is successful in doing so, Ms. Walcott must come forward with clear and convincing evidence to rebut the presumption.

An overview of the tax collection process is helpful to understanding Ms. Walcott's claim. Before the IRS can levy against taxpayer's property for payment of unpaid taxes, it must complete numerous steps. When a tax return is filed, any taxes reported as owed (but which are not paid) are *assessed* by the IRS based on the return. 26 U.S.C. § 6201(a). If it is later discovered (usually through audit procedures) that the taxpayer understated the assessment on the return, a *deficiency* exists. 26 U.S.C. § 6211(a)(1). No assessment can be made on the deficiency, however, until the IRS mails a formal *Notice of Deficiency* to the taxpayer. 26 U.S.C. § 6213(a). In response to the Notice of Deficiency, the taxpayer can file a petition for redetermination of the deficiency with the Tax Court. *Id*. If a petition is filed, no assessment for the tax deficiency can be made until the Tax Court rules. *Id*. If the taxpayer does not respond to the Notice, the IRS can make a deficiency assessment 90 days after the Notice was mailed. *Id*.

A *tax lien* automatically arises when an assessment of unpaid taxes is made. 26 U.S.C. § 6322. It attaches to all property or rights to property belonging to a taxpayer who fails to pay the tax after demand. 26 U.S.C. § 6321. Once a tax lien is created, the IRS may *levy*, seize and sell property that is subject to it. 26 U.S.C. § 6331(b). Thus, no levy can be made unless

---

analysis to the theory she advances.

all of the steps necessary for an assessment have been completed.

The IRS contends that Ms. Walcott cannot come forward with evidence entitling her to a Notice of Deficiency for tax years 2002 to 2004 or for the civil penalties assess against her under 26 U.S.C. § 6702. For tax years 2005 to 2011, it concedes that Notices of Deficiency were required, but contends that Ms. Walcott cannot show that they were not given.

**A.  Civil Penalties and Assessments for Tax Years 2002 to 2004**

The IRS argues that as a matter of law that no Notice of Deficiency is required under § 6213 prior to imposing civil penalties for frivolous filing under 26 U.S.C. § 6702(a) or for assessments for tax years 2002 to 2004. The IRS is correct in both respects.

The Code expressly states that the deficiency procedures of § 6213 do not apply to civil penalties under § 6702. 26 U.S.C. § 6703(b); *accord Danner v. United States*, 208 F. Supp. 2d 1166, 1170–71 (E.D. Wash. 2002). Ms. Walcott offers no authority to the contrary.

As to assessments for the tax years 2002 to 2004, the IRS concedes that it sent no Notices of Deficiency and contends that it was not required to do so because the assessment was made based on Ms. Walcott's amended returns filed in 2008. A Notice of Deficiency is only required if the IRS intends to assess a deficiency in excess of the liability that the taxpayer reports in a return. *See* 26 U.S.C. § 6211(a)(1). The IRS records for 2002, 2003, and 2004 show that no revised assessment was made until after Ms. Walcott filed amended returns in 2008 for each tax year. In the amended returns, she self-assessed an amount higher than she had in prior returns. *See* # 67-2 at 2; 67-3 at 2; 67-4 at 2; 67-16 at 7, 18, 39. Thus, the assessment was based on her returns and no Notice of Deficiency was required.

Ms. Walcott offers no legal argument in contradiction to the IRS' statement of the law, nor any evidence that the assessment was based on something other than her 2008 amended

5

returns. Her arguments that the assessments were untimely and that she never "agreed" to any deficiency have no merit. Even drawing all inferences in Ms. Walcott's favor, as a matter of law, the IRS was not required to issue notices of deficiency for either the penalties or tax years 2002 to 2004 as a matter of law.

**B.    Deficiency Assessments for Tax Years 2005 to 2011**

This leaves the question of whether Notices of Deficiency were required and given prior to the IRS assessments for tax years 2005 to 2011 and the resultant levies in 2012 and 2014.[2] The IRS concedes that these were deficiency assessments for which Notices of Deficiency were required, but contends that Ms. Walcott cannot establish that they were not given.

A Notice of Deficiency must be sent to the taxpayer's last known address by certified or registered mail to the taxpayer's last known address. 26 U.S.C. § 6212(a)–(b). The IRS can create a rebuttable presumption of proper mailing if it (1) proves that a notice of deficiency actually exists; and (2) submits a properly completed PS Form 3877 certified mail log. *Cropper v. Comm'r of Internal Revenue*, 826 F.3d 1280, 1285 (10th Cir. 2016) (citing *Welch v. United States*, 678 F.3d 1371, 1378 (Fed. Cir. 2012)). If the IRS comes forward with evidence to satisfy these requirements, the burden shifts to the taxpayer to rebut the presumption "by clear and convincing evidence". *Id.*

The record contains copies of two deficiency notices — one covering tax years 2005, 2006, and 2007 (**# 67-17**); and one covering 2008, 2009, and 2010 (**# 67-18**) — which is sufficient to show that the notices existed. The IRS has presented copies of two PS Forms 3877 showing that (1) the IRS sent the notices to Ms. Walcott's address via certified mail; (2) the

---

[2]   IRS evidence indicates that the Secretary never levied any funds for tax year 2011.   # 67-11 at 2–3.   However, in light of Ms. Walcott's claim, the Court addresses the factual issue of whether Notices were given for all of the subject tax years.

6

certified-mail tracking numbers; (3) date stamps from the Postal Service indicating that the IRS delivered the notice to the post office on April 8, 2010, and September 6, 2013, respectively; (4) the number of pieces surrendered to the Postal Service; and (5) the signatures of the postal employees receiving the notices.  # 67-17 at 1; 67-18 at 1.  Ms. Walcott testified at her deposition that the addresses to which the notices were mailed by the IRS were her addresses at the time of mailing.  # 67-23 at 112:12–113:4, 134:16–135:10.  This is sufficient to create the presumption that the notices of deficiency were mailed as required.

Ms. Walcott offers no evidence to rebut the presumption.[3]  Instead, she argues that the evidence presented by the IRS is not competent from an evidentiary perspective.  In particular, she contends that the Forms 3877 are hearsay evidence of the fact that the notices were sent, inadmissible under Federal Rule of Evidence 801(c).

Focusing first on the evidentiary objection, the Court notes that it is not a substitute for the production of evidence.  Ms. Walcott does not identify any inaccuracy in the information reflected in, the preparation of or the manner in which the information was recorded in the Forms 3877.  Absent a deficiency in these areas, because use of the Form 3877 complies with the Internal Revenue Manual courts have long accorded a proper Form 3877 the presumption of official regularity sufficient to satisfy an exception to the hearsay rule in accordance with Rule 803.  *See Keado v. United States*, 853 F.2d 1209, 1213 (5th Cir. 1988); *United States v. Zolla*, 724 F.2d 808, 810 (9th Cir. 1984); *United States v. Ahrens*, 530 F.2d 781, 784–86 (8th Cir. 1976); *Cataldo v. Comm'r*, 60 T.C. 522, 524 (1973), *aff'd* 499 F.2d 550 (2d Cir. 1974).

---

[3]  Ms. Walcott raises a number of issues that do not bear upon the question of whether notice was given.  For example, she points to unexplained and "strange" entries in the Forms 4340, her taxpayer record and the allocation of entries.  Because the issue before the Court is narrowly limited to whether there were Notices of Deficiency given, it is not necessary to address such challenges.

Turning to Ms. Walcott's statement that she did not receive the notices, the Court notes that it has been long established that the IRS satisfies its obligation by mailing the Notice "to the taxpayer's last known address, even if the taxpayer does not actually receive the notice." *Guthrie v. Sawyer*, 970 F.2d 733, 737 (10th Cir. 1992); *see also Tatum v. Comm'r*, 85 T.C.M. (CCH) 1200, 2003 WL 1918914 at *3 n.4 (2003) (noting that IRS satisfies § 6212's mailing requirement by sending notice to taxpayer's last known address "regardless of receipt or nonreceipt"). Consequently, Ms. Walcott's denial of receipt does not rebut the presumption created by the IRS' showing.

There being no dispute as to any material fact, no trial is required and the IRS is entitled to judgment as a matter of law on Ms. Walcott's claim for a refund due to the IRS' failure to provide Notices of Deficiency prior to assessment and levy.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion for Summary Judgment (**# 67**) is **GRANTED**. Ms. Walcott is not entitled to a refund for any of the funds seized by levy for payment of taxes and penalties owed for tax years 2002 to 2010. Judgment shall issue in favor of the Defendant. The Clerk shall close this case.

Dated this 13th day of November, 2018.

BY THE COURT:

Marcia S. Krieger
Chief United States District Judge